UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON HUMES,

    Plaintiff,

v.

SACRAMENTO COUNTY,

    Defendant.

No. 2:18-cv-966-EFB P

ORDER

Plaintiff, a former county inmate, now state prisoner, proceeds without counsel in an action brought under 42 U.S.C. § 1983, and seeks leave to proceed in forma pauperis. ECF Nos. 16, 17.

## Application to Proceed IFP

28 U.S.C. § 1915 provides that:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court notes that plaintiff has filed at least three cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Humes v. Farris*, No. 2:17-cv-2440-JAM-AC (E.D. Cal. Jul. 18, 2018) (order

1

dismissing action for failure to state a claim); (2) *Humes v. Spence*, No. 2:17-cv-2617-MCE-KJN (E.D. Cal. Jun. 13, 2018) (order dismissing action for failure to state a claim); (3) *Humes v. Sacramento County*, 2:18-cv-0241-KJM AC (E.D. Cal. June 7, 2018) (order dismissing action for failure to state a claim). The instant action was filed on April 19, 2018, however, and thus these strikes cannot be considered insofar as they were assessed after that date.

Accordingly, plaintiff's application – insofar as it is otherwise adequate – will be granted. By separate order, the agency having custody of plaintiff will be directed to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

<u>Screening Requirements</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

<u>Screening Order</u>

Plaintiff's complaint contains two separate claims.

First, he alleges that on an unspecified date his due process rights were violated when he was arrested in his home without a warrant. ECF No. 1 at 4. Plaintiff makes no effort to contextualize this allegation. He does not allege when this arrest occurred or any facts about the arresting officers– i.e. what law enforcement agency they belonged to, their specific identities, or how many participated in the arrest. Plaintiff claims that, in conjunction with this allegedly unlawful arrest, that he was beaten – though it is unclear by whom. *Id.* Additionally, it is far from clear that Sacramento County is the proper defendant for this claim. In *Monell v. Dep't of Soc. Servs.* the Supreme Court explained that:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its

3

> lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

436 U.S. 658, 694 (1978). Here, it is far from clear that any policy of Sacramento County was responsible for plaintiff's arrest. He vaguely alleges that it is the county's policy to "deprive people of thier (sic) 4th Amendment constitutional rights to feel safe in their own homes." ECF No. 1 at 4. But this is not a description of any specific policy; it is merely another way of asserting that plaintiff holds the county responsible for this specific injury.

Plaintiff styles his second claim as one for defamation. *Id.* at 5. He begins by claiming that the county is informing other law enforcement agencies about his aforementioned illegal arrest. *Id.* The essence of this claim, however, appears to be that the county is ignoring the fact that his sex crimes were allegedly expunged in April of 2012 and that the county is violating his rights by forcing him to register as a sex offender. *Id.* This claim is, in all material respects, identical to that raised in *Humes v. Sacramento County, et al.*, 2:18-CV-00861 EFB – also before the undersigned. In that case, plaintiff alleges that the county is violating his rights because it is classifying a 1999 conviction for unlawful sexual intercourse with a minor as a felony rather than a misdemeanor. *Id.*, ECF No. 1 at 6, 9. In that separate case, plaintiff maintains that this inaccurate classification is requiring him to register as a sex offender, thereby violating his rights. *Id.* at 4. Thus, this claim is duplicative and plaintiff may not pursue the same claim in two separate actions.

<u>Leave to Amend</u>

Plaintiff will be afforded an opportunity to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

4

|  |  |
|---|---|
| 1 | The amended complaint must also contain a caption including the names of all defendants. |
| 2 | Fed. R. Civ deprivation. P. 10(a). |
| 3 | Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See* |
| 4 | *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims |
| 5 | against more than one defendant. *Id.* |
| 6 | Any amended complaint must be written or typed so that it so that it is complete in itself |
| 7 | without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended |
| 8 | complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the |
| 9 | earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 |
| 10 | F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter |
| 11 | being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. |
| 12 | 1967)). |
| 13 | Any amended complaint should be as concise as possible in fulfilling the above |
| 14 | requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual |
| 15 | background which has no bearing on his legal claims. He should also take pains to ensure that his |
| 16 | amended complaint is as legible as possible. This refers not only to penmanship, but also spacing |
| 17 | and organization. Plaintiff should carefully consider whether each of the defendants he names |
| 18 | actually had involvement in the constitutional violations he alleges. A "scattershot" approach in |
| 19 | which plaintiff names dozens of defendants will not be looked upon favorably by the court. |

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (ECF Nos. 16, 17) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

/////

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: May 9, 2019.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE